JOSÉ NOGUERAS GUZMÁN, Petitioner and Appellee, *v.* MUNICIPAL COURT OF AÑASCO, Respondent and Appellant.

No. 7009. Argued March 20, 1936.—Decided April 29, 1936.

*Antonio V. Acosta, in pro per.,* for appellant. *M. Figueroa del Rosario* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

A complaint was filed in the Municipal Court of Añasco against José Nogueras Guzmán for the crime of assault and battery. The defendant says that during the trial of the cause, after he had entered a plea of not guilty and the testimony of witness Pedro Alvarez Pesante had been introduced, he requested the setting aside of the complaint because it did not appear that it had been signed or verified. The Judge of the Municipal Court of Añasco denied that

the defendant or his attorney had made a motion to set aside the complaint because of want of jurisdiction during the trial but he admitted that the said complaint was not signed or verified and that the complainant Bruno Santos signed and verified it during the trial of the cause. The District Court of Mayagüez issued a preliminary writ of certiorari at the request of the defendant, and after hearing the parties it annulled all the proceedings had before the Municipal Court of Añasco. The ground on which the district court based its decision was that the attorney for the defendant seasonably raised the question of want of verification, and that the denial of his motion violated section 22, and succeeding sections of the Code of Civil Procedure, and the constitutional guaranty of due process of law.

As may be seen, the Municipal Judge of Añasco asserts that no motion to set aside the complaint was made, and the defendant maintains that he requested the setting aside of the complaint after the taking of the evidence had begun. We shall disregard the apparent conflict between these statements, because it is not necessary to settle it in order to decide the case.

Starting from the premise that the motion to quash was filed after the defendant had pleaded not guilty and after one witness had testified, we are of the opinion that said motion was improper as having been made too late. An objection addressed solely to the form of the complaint or information must be taken before the trial begins.

Sections 145 and 146 of the Code of Criminal Procedure read as follows:

"Sec. 145.—An information charging a felony, not subscribed and sworn to by the prosecuting officer, must be set aside by the court, upon the defendant's motion, made at the time he is arraigned.

"Sec. 146.—If the motion to set aside the information is not made, the defendant is precluded from afterwards taking the objections mentioned in the preceding section."

In the case of *People* v. *París,* 25 P.R.R. 103, this Supreme Court said:

"We have also decided in the case of the *People* v. *Girón, supra,* that a defect in the swearing of the witnesses to the information must be alleged before the trial. It should be before the arraignment in the absence of special permission by the court as we shall presently set forth. . . .

" . . . Section 145 provides for certain cases in which an information may be set aside, but section 146 says if the motion is not made defendant is afterwards precluded."

In the case of *People* v. *Rosaly,* 28 P.R.R. 438, the following was said:

"Second, that the complaint in the form in which it was presented failed to state a public offense, setting up that sections 71 and 72 of the Code of Criminal Procedure had not been followed. The specific attack was upon the alternative statement of 'owner or guardian,' a pure matter of form. *People* v. *París,* 25 P.R.R. 103, and numerous cases following it show that the law requires that objections of this sort made at the trial come too late and we shall not stop to examine whether the objection would have been good if duly made. The courts below should refuse to consider formal objections if first made on the day of the trial. There would be nothing against considering an objection of this nature on the day of the trial, provided a due motion or demurrer was presented before that time, thus giving the *Fiscal* an opportunity to amend if he desired. The People of Porto Rico should not be subjected to formal objections while juries and witnesses are present and other cases to be heard."

In the case of *People* v. *Jesús,* 34 P.R.R. 447, this court said:

"The first assignment of error of the appellant was due to a failure to realize that the matter assigned had been waived in two ways. The appellant complains that the information is bad because not sworn to by the *fiscal.* This is a matter of form and should be raised before the trial. *People* v. *París,* 25 P.R.R. 104, and cases; *People* v. *Rosaly,* 28 P.R.R. 438. If not raised before the trial or at the trial, such an alleged error cannot be presented on appeal. *People* v. *Aponte,* 9 P.R.R. 345; *People* v. *Cintrón,* 26 P.R.R. 215; *People* v. *Moreno,* 28 P.R.R. 96; *People* v. *Ramírez,* 28 P.R.R. 292."

It will be noted that in the above-quoted decison it was declared that the lack of verification of the complaint is a matter of form and an objection thereon should be raised before the trial, several cases being cited by this court in support of its holding. The court then added that if the objection is not raised before the trial or at the trial, such an alleged error can not be presented on appeal, citing cases, in none of which is it maintained that the want of verification can be taken advantage of after the commencement of the trial and after some evidence has been introduced. The doctrine establishing that this question must be raised before the trial, which was upheld in the above-cited case and in many other decisions of this court, correctly interprets sections 145 and 146 of the Code of Criminal Procedure, which reject a tardy objection based on the formal defect of a lack of signature or verification in the information.

In the case of *People* v. *Rodríguez,* 37 P.R.R. 397, the following was said:

"It seems that the information was not signed and sworn to by the district attorney, for when the defendants moved on that ground that the information be quashed the trial court granted leave to the prosecution to amend and remedy the defect and then the information was sworn to by the district attorney before the acting clerk of the court.

"No error was committed by the trial court in granting leave to the district attorney to swear to the information and thus correct the defect of form found in it."

In the instant case the defect of a lack of signature and verification was cured after the commencement of the trial. The objection of the defendant, if raised, came too late to be decided in the defendant's favor.

The order of the District Court of Mayagüez, rendered on January 9, 1935, annulling the proceedings taken before the Municipal Court of Añasco against the defendant, José Nogueras, must be reversed.